Alexander Tito **HUMPHRIES**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 99–85C.

United States Court of Federal Claims.

June 17, 1999.

Alexander Tito Humphries, Eldoret, Kenya, pro se.

Patricia M. McCarthy, Washington, D.C., with whom were Robert E. Kirschman, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and David W. Ogden, Acting Assistant Attor-

ney General, Civil Division, U.S. Department of Justice, for defendant. Ted G. Schwartz, Assistant General Counsel, Federal Bureau of Investigation, Washington, D.C., and Robert J. Brown, Assistant General Counsel, Immigration and Naturalization Service, Washington, D.C. were of counsel.

## ORDER

SMITH, Chief Judge.

The court hereby GRANTS defendant's Motion for More Definite Statement under RCFC 12(e), filed May 25, 1999, and ORDERS plaintiff to file a more definite statement of the court's jurisdiction pursuant to the requirements of 28 U.S.C. § 2502(a) [1] within 180 days.

■ As discussed most recently in *Pottawatomi Nation in Canada v. United States,* 27 Fed.Cl. 388 (1992), to maintain a suit against the United States an alien plaintiff must affirmatively demonstrate that citizens of the United States are accorded the reciprocal right to sue the alien's sovereign in its courts. *Id.* at 390.

> Section 2502 requires the foreign government to accord "citizens of the United States the right to prosecute claims against [that] government." 28 U.S.C. § 2502. As the term is used in section 2502, "claims" does not mean " 'claims of the precise nature brought before this court.' The section contemplates only that American citizens enjoy an equal standing with foreigners in actions against the foreign State and does not require that the scope of actions for which the respective countries render themselves liable to suit shall be coextensively identical and in pari materia." *Nippon Hodo Company v. United States,* 152 Ct.Cl. 190, 285 F.2d [766, 767–68 (1961)].

*Id.* at 392.

The form of proof required to meet the requirements of section 2502(a) is not a rigid one. In *Nippon,* the court held that plaintiff had met the burden by submitting the deposition from an experienced Japanese attorney, unequivocally stating that an American citizen shared equally with a Japanese citizen, "the right to sue the Japanese State for breach of contract.... [and] it is the general opinion of the Japanese Bar that a citizen may bring an action against the state." 285 F.2d at 768–69. This statement was confirmed by the Director of Litigation of the Japanese Ministry of Justice and by three separate inquiries by the United States State Department which received replies confirming that United States citizens shared equally in the right to institute actions against the Japanese Government. *Id.* at 768. In relying on this evidence, the court noted that "state liability in Japan is a commonly accepted fact but its proof by statutes and cases is difficult." *Id.* at 769.

■ Defendant is correct that the letter from K.A. Fraser, a licensed Kenyan attorney (Ex. A), stating that the requisite reciprocity exists is not sufficient to meet the requirements of section 2505(a)—particularly as it was not submitted by plaintiff. However, as the letter was in response to a request from the United States Department of State, it does have evidentiary value to the court.

As the plaintiff in this matter is *pro se* the court has, and will, treat his filings more liberally. In this vein, the court suggests to plaintiff that in order to meet the requirements of section 2502(a) he could submit as affirmative evidence of reciprocity: any statutes or caselaw on the subject; an affidavit or deposition from an experienced Kenyan attorney or relevant government official (i.e. the Kenyan equivalent to the United States Department of Justice); or similarly probative evidence.

Thus pursuant to defendant's motion, plaintiff is ORDERED to show within 180 days that United States citizens have equal standing with Kenyan citizens to institute a suit against the Kenyan government in the Kenyan courts.

1. "Citizens or subjects of any foreign government which accords to citizens of the United States the right to prosecute claims against their government in its courts may sue the United States in the United States Court of Federal Claims if the subject matter of the suit is otherwise within such court's jurisdiction." 28 U.S.C. § 2502(a) (1998).

Defendant's response to plaintiff's Complaint shall be due 30 days after the filing of plaintiff's More Definite Statement.